UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 DEC 31  A 10: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| CHRISTINA R. CURCURU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 03 12599 JLT |
| | ) | |
| MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY | ) | |
| and AMTRAK, | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER, JURY CLAIM, AND CROSS CLAIM OF DEFENDANT
NATIONAL RAILROAD PASSENGER CORPORATION IN RESPONSE
TO PLAINTIFF CHRISTINA CURCURU'S COMPLAINT

Defendant, National Railroad Passenger Corporation ("Amtrak"), as and for itself alone,

by and through its attorneys, hereby answers Plaintiff Christina Curcuru's ("Plaintiff") Complaint

as follows:

FIRST DEFENSE

PARTIES

1.    Amtrak is without knowledge or information sufficient to affirm or deny where Plaintiff

resides.

2.    Admitted.

3.    Amtrak is without knowledge or information sufficient to affirm or deny the allegations in

this Paragraph.

## FACTS

4.     Amtrak is without knowledge or information sufficient to affirm or deny the allegations in

this Paragraph.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.     Denied.

11.     Denied.

## COUNT I
### (Negligence)

12.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

13.     This paragraph states a legal conclusion to which no answer is required.

14.     Denied.

15.     Denied.

## COUNT II
### (Negligent Selection/Hiring)

16.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

17.     This paragraph states a legal conclusion to which no answer is required.

18.     This paragraph states a legal conclusion to which no answer is required.

19.    Denied.

20.    Denied.

21.    Denied.

## COUNT III
### (Negligent Retention)

22.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

23.    This paragraph states a legal conclusion to which no answer is required.

24.    This paragraph states a legal conclusion to which no answer is required.

25.    Denied.

26.    Denied.

27.    Denied.

## COUNT IV
### (Negligent Supervision)

28.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

29.    This paragraph states a legal conclusion to which no answer is required.

30.    This paragraph states a legal conclusion to which no answer is required.

31.    Denied.

32.    Denied.

## COUNT V
### (Violation of M.G.L. c. 93A)

33.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

34.    This paragraph states a legal conclusion to which no answer is required. To the extent that this Paragraph is deemed to contain factual allegations, Amtrak denies the introductory portion and the four sub-parts of this Paragraph.

35.    This paragraph states a legal conclusion to which no answer is required. To the extent that this Paragraph is deemed to contain factual allegations, Amtrak admits that it engaged in trade or commerce, but denies the remaining allegations in Paragraph 35.

36.    Denied.

37.    Admitted.

38.    This paragraph states a legal conclusion to which no answer is required.

39.    Amtrak denies the allegations in this Paragraph concerning Amtrak. Amtrak is without knowledge or information sufficient to affirm or deny the allegations against the MBTA made in this Paragraph.

40.    Denied.

All allegations not previously addressed are hereby denied.

Amtrak denies that Plaintiff is entitled to any relief and asks the Court to deny any and all such requests made by, or on behalf of, Plaintiff.

## SECOND DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Amtrak denies it was negligent in any way.

## FOURTH DEFENSE

Amtrak states that Plaintiff has not been affected adversely or otherwise damaged by any conduct of Amtrak, or of any person or entity for whose conduct Amtrak is legally responsible or liable.

## FIFTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by her own actions.

## SIXTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Amtrak.

## SEVENTH DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Amtrak had no reason to anticipate and of which Amtrak had no knowledge, or over whom Amtrak had no control, and for whose conduct Amtrak is not responsible.

## EIGHTH DEFENSE

Any injuries or damages alleged by Plaintiff were caused by Plaintiff's negligence, which was greater than the alleged negligence of Amtrak; consequently, Plaintiff cannot recover in this action pursuant to M.G.L. c. 231, §85.

## NINTH DEFENSE

Plaintiff was guilty of contributory negligence and the damages, if any, recovered by her from Amtrak should be reduced in proportion to the Plaintiff's negligence in accordance with M.G.L. c.231, §85.

## TENTH DEFENSE

Amtrak states that if it was negligent, as alleged in Plaintiff's Complaint, which negligence it denies, then such negligence was not the cause of Plaintiff's alleged injuries or damages.

## ELEVENTH DEFENSE

Plaintiff cannot prevail in this action because Amtrak's alleged acts or omissions were not the proximate cause of Plaintiff's alleged injuries.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate her damages, and any damages awarded against Amtrak should be reduced accordingly.

## THIRTEENTH DEFENSE

Plaintiff is barred from any recovery as against Amtrak by her failure to comply with the statutory prerequisites applicable to this action, including, but not limited to, the Statute of Limitations.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SIXTEENTH DEFENSE

At all times relevant to this matter Amtrak did not use deceptive trade practices.

**AMTRAK'S CROSS CLAIM AGAINST CO-DEFENDANT
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY**

1.  Amtrak repeats and realleges Paragraphs 1 through 40 of the Answer and all 16 of the

    Defenses as if set forth fully herein.

2.  Without admitting any allegations in Plaintiff's Complaint against any party to this

    action, and solely to preserve this Defendant's right to indemnity and/or contribution,

    Amtrak reincorporates herein by reference the allegations of Plaintiff's Complaint against

    the Massachusetts Bay Transportation Authority.

### COUNT I
### (Express Contractual Indemnification)

3.  On or about September 1, 1995, the defendant and plaintiff in cross claim, Amtrak, and

    the Massachusetts Bay Transportation Authority (hereinafter "MBTA"), entered into an

    operating agreement ("Agreement") regarding train operating services.

4.  The Agreement was in full force and effect on or about November 27, 2001.

5.  Pursuant to the Agreement, MBTA expressly agreed to indemnify Amtrak for all damages

    and liability arising out of the Agreement Services without regard to fault or negligence

    of Amtrak.

6.  Pursuant to the Agreement, MBTA's duty to indemnify Amtrak does not include conduct

    by Amtrak which falls under the Agreement's definitions of either "malice,"

    "oppression," or "fraud" (hereinafter "excluded conduct").

7.  Pursuant to the Agreement, in order for MBTA's duty to indemnify Amtrak to cease,

    MBTA must prove Amtrak's conduct is excluded conduct by clear and convincing

evidence.

8.    MBTA cannot prove by clear and convincing evidence that Mr. Hardy's conduct alleged

by Plaintiff's Complaint is excluded conduct within the meaning of the Agreement.

9.    If notwithstanding Amtrak's denial of all liability, it is found liable to Plaintiff, then

MBTA must indemnify Amtrak.

10.   In the event Plaintiff prevails in her claims against Amtrak, Amtrak will sustain damages

for which MBTA is liable.

**WHEREFORE**, the defendant requests the Court enter judgment in its favor on cross claim

Count One and order that MBTA indemnify Amtrak for any liability which it may incur as a

result of the claims set forth in the Complaint filed herein by the plaintiff.  Amtrak further

demands interest and costs and reasonable attorneys' fees.

**COUNT II**
**(Tort-Based Indemnification)**

11.   On or about November 27, 2001, Amtrak employed Mr. Hardy whom Plaintiff alleges

engaged in conduct causing her physical, emotional, mental and economic damages.

12.   On or about November 27, 2001, Amtrak conducted its operations in accordance with its

obligations under its contract with MBTA.

13.   Amtrak denies participating in the negligent act causing Plaintiff's alleged harm.

14.   If Amtrak is found liable to the Plaintiff, which liability it denies, such liability will have

been assessed under principals of vicarious liability in spite of a finding that Amtrak was

not at fault.

15.   Amtrak is therefore entitled to tort-based indemnification from MBTA for any judgment

obtained against Amtrak by Plaintiff.

**WHEREFORE**, Amtrak requests the Court enter judgment in its favor on cross claim Count

Two and order that MBTA indemnify Amtrak for any liability which it may incur as a result of

the claims set forth in the Complaint filed herein by the Plaintiff.  Amtrak further demands

interest and costs and reasonable attorneys' fees.

### COUNT III
(Contribution)

16.   Plaintiff's alleged injuries were not caused by any negligence or other alleged fault or
      conduct of Amtrak.

17.   If Plaintiff's alleged injuries were caused by the negligence or fault of anyone other than
      Plaintiff, they were caused by the negligence or other fault of MBTA and Mr. Eric Hardy.

18.   Amtrak denies that it is liable but says that if it is found to have been liable, then MBTA
      is jointly and severally liable with Amtrak for the damages alleged in Plaintiff's
      Complaint and Amtrak is entitled to contribution from MBTA pursuant to M.G.L. c.
      231B.

**WHEREFORE**, Amtrak demands judgment on cross claim Count Three against MBTA in the

full amount of its pro rata share of the entire liability to Plaintiff in the event that the Plaintiff

prevails.  Amtrak further demands interest and costs and reasonable attorneys' fees.

**Amtrak respectfully claims a trial by jury of all claims raised in Plaintiff's
Complaint, and each defense thereto asserted by Amtrak.**

WHEREFORE, Defendant Amtrak prays that:

a.    Plaintiff take nothing by this action;

b.    The Complaint be dismissed with prejudice in its entirety;

c.    Amtrak be awarded its costs of suit and attorney's fees incurred herein; and

d.    Amtrak be awarded such other and further relief as this Court deems just and proper.

DATED:        December 30, 2003

**Respectfully submitted,**
**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,

John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

## Certificate of Service

I, Stephen E. Hughes, hereby certify that I have, on December 30, 2003, served a true copy of the foregoing document by first class mail, postage prepaid, to counsel for each other party as follows:

Plaintiff:
John B. Matheson, Esq.
Swartz McKenna & Lynch, LLP
Old City Hall
45 School Street
Boston, MA 02108

MBTA:
Paul J. Sahovey, Esq.
Legal Department
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, MA 02116

Stephen E. Hughes