UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12599 JLT

| | |
|---|---|
| CHRISTINA R. CURCURU,<br>    Plaintiff<br><br>Vs.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY,<br>and AMTRAK,<br>    Defendants | MOTION TO REMAND ACTION<br>FROM U. S. DISTRICT COURT<br>TO ESSEX SUPERIOR COURT BY<br>DEFENDANT MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY |

Now comes Co-Defendant Massachusetts Bay Transportation Authority (hereinafter referred to as the "MBTA") and respectfully moves that this Honorable Court remand this case from the United States District Court for the First Circuit, District of Massachusetts, to the Essex Superior Court session sitting at Lawrence, Massachusetts. Before the action had been removed to the United States District Court it had been formerly captioned as *Christina R. Curcuru v. Massachusetts Bay Transportation Authority and Amtrak* (Superior Court Civil Action No. 03-2151-C).

As grounds therefore, the MBTA respectfully submits that subsequent to this action's removal, the Defendants learned that a case arising from the same operative facts as the instant case

entitled *Eric A. Hardy v. Christina R. Curcuru and Tiffany Richardson*, Superior Court Civil Action No. 21165D is presently pending before the Essex Superior Court sitting at Salem, Massachusetts. Defendant MBTA submits that remanding the instant case to the Superior Court would permit the parties to explore the option of consolidation as a means of promoting judicial economy. This latter case does not present a question of Federal law, and it would not be amenable to removal for possible consolidation before this Honorable Court since its lacks Federal question jurisdiction.

As further grounds for its Motion, the MBTA respectfully submits that the MBTA has failed to file its formal consent to the removal of the action to the United States District Court within thirty days of service of the Complaint as required by 28 U.S.C. Section 1446(b). Defendant MBTA was served on November 24, 2003 and to date, its consent has not been filed.

Defendant MBTA further submits that First Circuit Local Rule 81.1 (a) requires that the party filing the notice (Amtrak) shall file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court with the United States District Court. Local Rule 81.1(b) mandates that in the event that the Clerk of the United States District court is not in receipt of the aforementioned documents within 45 days of the

then the case shall be remanded to state court, unless this Court should direct otherwise. To date, Defendant Amtrak has not filed copies of these documents with the United States District Court.

The Defendant MBTA respectfully submits that any doubts concerning a questionable removal procedure should be resolved in favor of remand to state court. *Landman v. Borough of Bristol, et al.* 896 F. Supp. 406, 408 (E.D. Pa. 1995); citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990)(citations omitted).

Counsel representing Defendant Amtrak has indicated that Amtrak will not oppose the remand to the Essex Superior Court.

For the foregoing reasons, the Defendant Massachusetts Bay Transportation Authority moves that this Honorable Court remand this matter to the Essex Superior Court sitting at Lawrence Massachusetts.

                                           Massachusetts Bay
                                           Transportation Authority
                                           By its Attorney

                                           _____
                                           Paul J. Sahovey
                                           Assistant General Counsel
                                           10 Park Plaza
                                           Boston, MA 02116
                                           (617) 222-3189
                                           BBO # 437900

Dated:    February 24, 2004

CERTIFICATE OF SERVICE

I, Paul J. Sahovey, hereby certify that I have on February 24, 2004, served a true copy of the foregoing document by first class mail, postage prepaid, to counsel for each other party as follows:

Defendant Amtrak
Stephen E. Hughes, Esq.
John A. Kiernan, Esq.
Bonner, Kiernan, Trebach and Crociata
One Liberty Square
6th Floor
Boston, MA 02109


Plaintiff
John B. Matheson, Esq.
Swartz, McKenna & Lynch
Old City Hall
45 School Street
Boston, MA 02108

Kevin G. James, Esq.
100 Cummings Center
#339C
Beverly, MA  01915

_____
Paul J. Sahovey