UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHRISTINA R. CURCURU,
        Plaintiff,

v.

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY and
AMTRAK,
        Defendants.

**DOCKET NO. 03-12599JLT**

## OPPOSITION TO DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY'S MOTION TO REMAND ACTION

Plaintiff, Ms. Curcuru, opposes Defendant's judge shopping motion to remand this action. By statute, Defendant has clearly waived its right to further delay these proceedings by now remanding this case back to state court. As further grounds, Ms. Curcuru states:

1.    28 U.S.C. section 1447 (c) clearly states:  **"A motion to remand** the case on the basis of any defect other than lack of subject matter jurisdiction **must be made within 30 days after the filing of the notice of removal** under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." (Emphasis added).

2.    In analyzing this language, the Ninth Circuit recently stated in *Kelton Arms Condominium Ass'n v. Homestead Ins. Co.*, 346 F.2d 1190, 1192 (2003) (citations omitted):

> The first sentence of section 1447(c) "consigns procedural formalities to the care of the parties." . . . The second sentence "assignes to the court concern for its jurisdictional prerequisites." . . . This division makes sense. Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.

> In contrast, procedural requirements exist primarily for the protection of the parties. Like personal jurisdiction, they can be waived. . . . A plaintiff may wish to remain in federal court even though he or she originally filed in state court. For example, a plaintiff might do this simply to expedite the litigation.

3.    Similarly, in *Page v. City of Southfield et al.*, 45 F.3d 128, 132 (1995), the Seventh Circuit found that under 1447(c) any request for remand on procedural grounds must be made within 30 days after the filing of the notice of removal.

4.    By Defendant's own admission, Defendant was aware of this Removal on November 24, 2003, and yet did nothing until now to address this issue. By the clear wording of 28 U.S.C. Section 1447 (c), Defendant has waived any right to remand unless it concerns a subject matter jurisdiction issue. Nowhere in Defendant's Motion does Defendant raise any subject matter jurisdictional question. *See Winners Corp. v. The Lafayette Life Ins. Co.*, 734 F.Supp. 812 (1989) (denying Motion to remand over procedural issues in light of failure to comply with thirty days limitation).

5.    Defendant cannot cite any case allowing it to raise any of the issues stated in Motion beyond the statutorily mandated deadline.

6.      Defendant's reliance on the frivolous "malicious prosecution" brought by Mr. Hardy in Essex Superior Court as grounds for remand is misplaced. (See Exhibit A.) This suit is blatantly frivolous and is not even being actively pursued.  Moreover, Defendant MBTA has been named as a Defendant in that case, and based upon its Motion to Remand, it appears the MBTA was never served.  Defendant cannot even state whether they would want to consolidate these cases.  Defendant only wishes to have the option at a later date.  These are not proper grounds for a remand.

7.      Given the lack of authority for this remand motion, and the lack of grounds, it appears that this is nothing more than judge shopping and an effort to delay discovery in this case.  The removal of this case has already delayed discovery. The remand would only further delay discovery.  Defendants have refused to respond to discovery served in November until these matters dealt with.  There is no good reason for these continuing delays and Ms. Curcuru is clearly prejudiced by them.

Wherefore, for all the above reasons, Plaintiff opposes Defendant MBTA's Motion for Remand and ask this Court to deny its motion.

Respectfully submitted,
Christina Curcuru,
By her attorneys,

Dated: 3/2/4

Fredric Swartz, BBO# 489560
Timothy G. Lynch, BBO# 546442
John P. Matheson, BBO# 651742
SWARTZ MCKENNA & LYNCH, LLP
Old City Hall, 45 School Street
Boston, MA 02108
Tel: 617-367-2882
Fax: 617-367-2289

## CERTIFICATE OF SERVICE

I, Timothy G. Lynch, counsel for Plaintiff, do hereby certify that on this 2 day of March, 2004, I caused to be served a true copy of the foregoing document upon Defendants, by mailing same, first class mail, postage pre-paid to their counsel of record:

ATTORNEYS FOR MBTA
Paul J. Sahovey, BBO #437900
Assistant General Counsel
Ten Park Plaza
Boston, MA 02116
(617) 222-3189

ATTORNEYS FOR AMTRAK
John A. Kiernan, BBO #271020
Stephen E. Hughes, BBO #629644
Bonner Kiernan Trebach & Crociata
One Liberty Square, 6th Floor
Boston, MA 02109
(617) 426-3900

Timothy G. Lynch

4

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, S.S.

SUPERIOR COURT DEPT.
NO:

ERIC A. HARDY
            Plaintiff,

v.

CHRISTINA R. CURURU,
TIFFANY A. RICHARDSON,
MASSACHUSSETTS BAY
TRANSPORTATION AUTHORITY.
            Defendants,

**COMPLAINT AND
DEMAND FOR JURY
TRIAL**

## PARTIES

1.  The plaintiff, Eric A. Hardy  , is an individual residing at 6 Old Road, in Salem, Ma , Essex County, Commonwealth of Massachusetts.

2.  The defendant, Christina R. Cururu , is an individual residing at 109 Peterborough Street Apt. #25,    Boston,    MA  ,    Suffolk County, Commonwealth of Massachusetts

3.  The defendant, Tiffany Richardson , is an individual residing at 109 Peterborough Street Apt. # 25,    Boston,    MA    Suffolk County, Commonwealth of Massachusetts.

4.  The defendant, MBTA ,  a police agency at 10 Park Plaza,    Boston, MA  02116 Suffolk County, Commonwealth of Massachusetts.

## COUNT I

( Malicious Prosecution / Eric Hardy v. Christina Cururu )

5. On or about 11/30/01, the defendant, Christine Cururu, caused a criminal prosecution to be instituted against plaintiff Eric Hardy.

6. The institution of the above cited proceedings was done with out probable cause.

7. The institution of the above cited criminal proceeding was done with malice.

8. The above cited criminal proceeding terminated in favor of the plaintiff Eric Hardy.

**WHEREFORE**, the plaintiff, Eric A. Hardy, demands judgment against the defendant . on Count I, plus interest and cost of this action.

## COUNT 2

( Malicious Prosecution / Eric Hardy v. Tiffany Richardson )

9. On or about 11/30/01, the defendant, Christine Cururu, caused a criminal prosecution to be instituted against plaintiff Eric Hardy.

10. The institution of the above cited proceedings was done with out probable cause.

11. The institution of the above cited criminal proceeding was done with malice.

12. The above cited criminal proceeding terminated in favor of the plaintiff Eric Hardy.

**WHEREFORE**, the plaintiff, Eric A. Hardy, demands judgment against the defendant . on Count I, plus interest and cost of this action.

## COUNT 3

(Intentional infliction of emotional distress / Eric Hardy v. Christina Currruru )

13. The plaintiff, repeats, realleges, and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 12 of this complaint.

14. On or about 11/30/01, the defendant, Christine Cururu, caused a criminal prosecution to be instituted against plaintiff Eric Hardy.

15. The defendant's conduct in instituting a meritless and perjured criminal complaint against the defendant was extreme and outrageous, was beyond all possible bounds of decency and utterly intolerable in a civilized society.

16. The institution of the above cited proceedings caused plaintiff to suffer severe emotional distress and loss of employment and society.

**WHEREFORE**, the plaintiff, Eric A. Hardy, demands judgment against the defendant . on Count 3, plus interest and cost of this action.

## COUNT 4

(Intentional infliction of emotional distress / Eric Hardy v. Tiffany Richardson )

17. The plaintiff, repeats, realleges, and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 16 of this complaint.

18. On or about 11/30/01, the defendant, Tiffany Richardson, caused a criminal prosecution to be instituted against plaintiff Eric Hardy.

19. The defendant's conduct in instituting a meritless and perjured criminal complaint against the defendant was extreme and outrageous, was beyond all possible bounds of decency and utterly intolerable in a civilized society.

20. The institution of the above cited proceedings caused plaintiff to suffer severe emotional distress and loss of employment and society.

**WHEREFORE**, the plaintiff, Eric A. Hardy, demands judgment against the defendant . on Count 4, plus interest and cost of this action.

## COUNT 5

(Slander / Eric Hardy v. Massachusetts Bay Transportation Authority )

21. The plaintiff, repeats, realleges, and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 20 of this complaint.

22. On or about 11/30/01, the defendant, Massachusetts Bay Transportation Authority published a defamatory statement concerning the plaintiff.

23. The Defendant was negligent in ascertaining the whether the statement was true, false or defamatory before publishing said statement.

24. The Defendant published by causing said statement concerning the plaintiff to be delivered to plaintiff's employer.

25. Plaintiff lost his employment as a direct result of defendant's publication of said statement concerning plaintiff.

**WHEREFORE**, the plaintiff, Eric A. Hardy, demands judgment against the defendant . on Count 5, plus interest and cost of this action.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

PLAINTIFF,
By her attorney,
Kevin G. James, Esq.

Dated : 04/01/2002

**Kevin G. James, Esq.**
100 Cummings 339C
Beverly, MA 01915
(978) 921-0066
B.B.O. 635929