Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket



## ESCV2003-02151
### Curcuru v Massachusetts Bay Transportation Authority et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 11/13/2003 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 03/19/2004 | **Session** | C - Civil-CtRm 3 (Lawrence) | | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Service** | 02/11/2004 | **Answer** | 04/11/2004 | **Rule12/19/20** | 04/11/2004 |
| **Rule 15** | 04/11/2004 | **Discovery** | 09/08/2004 | **Rule 56** | 10/08/2004 |
| **Final PTC** | 11/07/2004 | **Disposition** | 01/06/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Christina R Curcuru
Active 11/13/2003

*Private Counsel 546442*
Timothy Lynch
Swartz McKenna & Lynch LLP
45 School Street
Old City Hall
Boston, MA 02108-
Phone: 617-367-2882
Fax: 617-367-2289
Active 11/13/2003 Notify

**Defendant**
Massachusetts Bay Transportation Authority
Served: 12/18/2003
Answered: 12/22/2003
Answered 12/22/2003

*Private Counsel 437900*
Paul J Sahovey
Mass Bay Transportation Authority
10 Park Plaza
Transportation Building
Boston, MA 02116
Phone: 617-222-3189
Fax: 617-222-3194
Active 01/07/2004 Notify

**Defendant**
Amtrak
National Railroad Passenger Corp
Served: 12/05/2003
Answered: 12/31/2003
Answered 12/31/2003

*Private Counsel 629644*
Stephen E Hughes
Bonner Kiernan Trebach & Crociata
1 Liberty Square
6th floor
Boston, MA 02109
Phone: 617-426-3900
Fax: 617-426-0380
Active 03/19/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/13/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 11/13/2003 | | Origin 1, Type B99, Track F. |
| 12/05/2003 | 2.0 | SERVICE RETURNED: Amtrak(Defendant) by certified mail |
| 12/22/2003 | 3.0 | ANSWER: Massachusetts Bay Transportation Authority(Defendant) |
| 12/31/2003 | 4.0 | ANSWER and CROSSCLAIM: Amtrak |
| 01/20/2004 | 5.0 | ANSWER by Massachusetts Bay Transportation Authority to CROSSCLAIM of Amtrak |
| 02/04/2004 | 6.0 | SERVICE RETURNED: Massachusetts Bay Transportation Authority(Defendant) |

A TRUE COPY ATTEST
DEPUTY ASS'T. CLERK

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

### ESCV2003-02151
### Curcuru v Massachusetts Bay Transportation Authority et al

| Date | Paper | Text |
|---|---|---|
| 03/19/2004 | 7.0 | Certified Copy of Petition for Removal to the United States District Court filed by Amtrak |
| 03/19/2004 | 8.0 | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

| Date | Session | Event | Result |
|---|---|---|---|
| 11/15/2004 | Civil-CtRm 3 (Lawrence) | Status: Review Annual Fee | Event canceled not re-scheduled |



COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                              SUPERIOR COURT
                                                        C.A. NO. 2003-2151-C

```
CHRISTINA R. CURCURU,
        Plaintiff,

v.

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY and
AMTRAK,
        Defendants.
```

## COMPLAINT AND JURY DEMAND

Plaintiff, Christina Curcuru, by and through her attorneys, SWARTZ MCKENNA & LYNCH, LLP, for her causes of action against the above named Defendants, Massachusetts Bay Transportation Authority and Amtrak, avers and states as follows:

## PARTIES

1. Plaintiff, Christina Curcuru, is an individual with an address in Gloucester, County of Essex, Commonwealth of Massachusetts.

2. Defendant Amtrak is a corporation with a principle place of business located at 60 Massachusetts Avenue, NE, Washington D.C. At all relevant times, Amtrak was a common carrier.

3. Defendant Massachusetts Bay Transportation Authority (hereinafter MBTA) is an independent body politic with a usual place of business at 10 Park Plaza; Room 3910; Boston, Suffolk County, Massachusetts. At all relevant times, MBTA was a common carrier.

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

## FACTS

4. On or about November 27, 2001, Defendants sold Plaintiff Christine Curcuru a train fare and thereby making her a lawful passenger on a train in the possession, custody and control of Defendants MBTA and Amtrak.

5. At that time and place an employee of Defendants MBTA and Amtrak lured Ms. Curcuru into an empty train car.

6. Upon arriving in the train, the Defendants' employee confronted Ms. Curcuru with sexual advances.

7. Ms. Curcuru denied the Defendants' employee's sexual advances, at which time she was not allowed to exit the empty train car.

8. Upon becoming imprisoned against her will in the empty train car, Ms. Curcuru became fearful and apprehensive for her safety.

9. After becoming imprisoned against her will in the empty train car, the Defendants' employee removed his clothing in such a manner as to lewdly and indecently expose himself.

10. Prior to allowing Ms. Curcuru to leave the empty train car, the Defendants' employee in a most lewd and indecent manner masturbated in her presence until he ejaculated.

11. As a direct and proximate result, Plaintiff suffered physical, emotional, mental and economic damages.

## COUNT I
(Negligence)

12. Plaintiff repeats, reavers and incorporates by reference the allegations contained in the above paragraphs as if expressly set forth herein and further states as follows.

13. Defendants owed its lawful passengers and all train occupants, including Ms. Curcuru, a duty to provide reasonably safe premises and as common carriers owed a duty of

2

exercising the highest degree of care for the safety of Plaintiff consistent with the proper transaction of its business.

14. The Defendants breached their duty to provide reasonably safe premises by not supplying adequate security and safety measures to protect their passengers.

15. As a direct and proximate result of Defendants failing to supply reasonably adequate safety and security measures to their passengers, Defendants caused Ms. Curcuru to be falsely imprisoned and sexually assaulted in a most lewd, indecent and embarrassing manner, thereby suffering severe physical, emotional, mental and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendants MBTA and Amtrak, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest.

### COUNT II
### (Negligent Selection/Hiring)

16. Plaintiff repeats, reavers and incorporates by reference the allegations contained in the above paragraphs as if expressly set forth herein and further states as follows.

17. Defendants, as common carriers, owed a duty of exercising the highest degree of care for the safety of Plaintiff consistent with the proper transaction of its business when hiring their employees.

18. Defendants owed, at least, a duty to exercise reasonable care in the selection and hiring of their employees.

19. Defendants knew or in the exercise of reasonable care should have known their employee was unworthy or unfit by his habits, temperament or nature to deal with persons invited to their premises.

20. Defendants breached their duty of care by hiring and selecting an employee that was unfit to deal with the public and Defendants' invitees and customers, including Ms. Curcuru.

3

21. As a direct and proximate result of Defendants failing to exercise reasonable care in the selection and/or hiring of their employee, Defendants caused Ms. Curcuru to be falsely imprisoned and sexually assaulted in a most lewd, indecent and embarrassing manner thereby suffering severe physical, emotional, mental and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendants MBTA and Amtrak, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest.

## COUNT III
### (Negligent Retention)

22. Plaintiff repeats, reavers and incorporates by reference the allegations contained in the above paragraphs as if expressly set forth herein and further states as follows.

23. Defendants, as common carriers, owed a duty of exercising the highest degree of care for the safety of Plaintiff consistent with the proper transaction of its business when retaining their employees.

24. Defendants owed, at least, a duty to exercise reasonable care in the retention of their employees.

25. Defendants knew or in the exercise of reasonable care should have known their employee was unworthy or unfit by his habits, temperament or nature to deal with the persons invited to their premises and should not have been retained.

26. Defendants breached their duty of care by retaining an employee that was unfit to deal with the public and Defendants' invitees and customers, including Ms. Curcuru.

27. As a direct and proximate result of Defendants failure to supply reasonably adequate safety and security measures to their passengers, Defendants caused Ms. Curcuru to be falsely imprisoned and sexually assaulted in a most lewd, indecent and embarrassing manner thereby suffering severe physical, emotional, mental and economic damages.

4

WHEREFORE, Plaintiff prays for judgment against Defendants MBTA and Amtrak, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest.

## COUNT IV
### (Negligent Supervision)

28. Plaintiff repeats, reavers and incorporates by reference the allegations contained in the above paragraphs as if expressly set forth herein and further states as follows.

29. Defendants, as common carriers, owed a duty of exercising the highest degree of care for the safety of Plaintiff consistent with the proper transaction of its business when supervising their employees.

30. Defendants owed, at least, a duty to exercise reasonable care in the supervision of their employees.

31. Defendants breached their duty of care by failing to supervise an employee that was unfit to deal with the public and Defendants' invitees and customers, including Ms. Curcuru.

32. As a direct and proximate result of Defendants failure to supervise their employee, Defendants caused Ms. Curcuru to be falsely imprisoned and sexually assaulted in a most lewd, indecent and embarrassing manner thereby suffering severe physical, emotional, mental and economic damages.

WHEREFORE, Plaintiff prays for judgment against Defendants MBTA and Amtrak, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest.

## COUNT V
### (Violation of Massachusetts General Laws c.93A)

33. Plaintiff repeats, reavers and incorporates by reference the allegations contained in the above paragraphs as if expressly set forth herein and further states as follows.

5

34. Defendants engaged in unfair or deceptive acts or practices within the meaning of Massachusetts General Law Chapter 93A. The Defendant engaged in unfair or deceptive acts or practices in a number of different ways as described above. The Defendant's unfair or deceptive acts or practices include, but are not limited to:

   a. Defendants sold services to Ms. Curcuru which rendered her in a vulnerable state and in the care and custody of Defendants as common carriers and failed to safeguard her while she was in their custody;

   b. Defendants failed to perform an adequate background check on their employee who was put in a position of dealing with the public which ultimately resulted serious harm and injury to Ms. Curcuru;

   c. Defendants failed to instruct, advise, consult with, warn or otherwise notify Ms. Curcuru, or any of their consumers, of the Defendants' philosophy, systems, policies, procedures and/or protocols regarding the Defendants' failure to perform an adequate background check or to perform criminal background checks on persons who would be in charge of her;

   e. Defendants should have investigated said employee's background upon learning of these serious charges and should not have allowed him unsupervised access to vulnerable people such as Ms. Curcuru;

35. The above unfair or deceptive acts or practices or unfair method of competition occurred while the Defendants were engaged in a trade or commerce as those terms are defined under Massachusetts General Law Chapter 93A. Defendants have engaged in "trade" and/or "commerce" by offering for sale and selling common carrier services. By charging consumers for said services, Defendants transacted business in trade or commerce as defined by Massachusetts General Laws Chapter 93A.

6

36. As a direct and proximate result of the unfair or deceptive acts or practices or unfair method of competition engaged in by the Defendants, the Plaintiff suffered the injuries described above.

37. On or about September 9, 2003, the Plaintiff sent Defendants a demand for settlement, via certified mail.

38. Plaintiff's demand letters complied in all respects with the requirements of Massachusetts General Law Chapter 93A and is incorporated herein.

39. The Defendants failed to adequately respond to said demand letter as required by Massachusetts General Law Chapter 93A.

40. As a direct and proximate result of Defendants failure to supervise their employee, Defendants caused Ms. Curcuru to be falsely imprisoned and sexually assaulted in a most lewd, indecent and embarrassing manner thereby suffering severe physical, emotional, mental and economic damages.

WHEREFORE, Plaintiff prays that she be awarded her full, fair and complete compensation, multiple or treble damages as allowed under Massachusetts General Law Chapter 93A against Defendants MBTA and Amtrak, jointly and severally, for compensatory damages, punitive damages, attorney's fees, costs and interest.

### Jury Demand

Plaintiff hereby demands a Trial by Jury.

> Respectfully submitted,
> Christina Curcuru,
> By her attorneys,
>
> *[signature]*
>
> John P. Matheson, BBO# 651742
> Timothy G. Lynch, BBO# 546442
> Fredric Swartz, BBO# 489560
> SWARTZ MCKENNA & LYNCH, LLP
> Old City Hall
> 45 School Street
> Boston, MA 02108
> Tel: 617-367-2882
> Fax: 617-367-2289

| CIVIL ACTION COVER SHEET | DOCKET NO(S) #2003-2151-C | Trial Court of Massachusetts Superior Court Department  County: Essex |
|---|---|---|

| PLAINTIFF(S) CHRISTINA R. CURCURU | DEFENDANT(S) MASSACHUSETTS BAY TRANSPORTATION AUTHORITY AND AMTRAK |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Timothy G. Lynch    617 367 2882 Swartz McKenna & Lynch 45 School St., Boston, MA 02108 Board of Bar Overseers number    546442 | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct.C.231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.98 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript relief from judgment/Order (Mass.R.Cov.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Tort-negligence-sexual | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts of which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses............................................................ $ _____
2. Total Doctor expenses.............................................................. $ _____
3. Total chiropractic expenses...................................................... $ _____
4. Total physical therapy expenses............................................... $ _____
5. Total other expenses (describe)............................................... $ _____
   **Subject** $ -
B. Documented lost wages and compensation to date............................. $ _____
C. Documented property damages to date................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses.......... $ _____
E. Reasonably anticipated lost wages........................................................ $ _____
F. Other documented items of damages (described)
   $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff was subjected to unwanted sexual advances and was imprisoned
   against her will by an employee of Defendants. As a result, Plaintiff suffered
   from physical, emotional, mental and economic damages.    $ greater than
   **TOTAL**    $ $25,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

$ _____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 11-10-3

AOTC-6 mtc005 - 11/99    A.O.S.C. 1-2000

A TRUE COPY, ATTEST
DEPUTY ASST. CLERK

**CIVIL ACTION COVER SHEET INSTRUCTIONS**

## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2003-02151-C**

RE:   Curcuru v Massachusetts Bay Transportation Authority et al

TO: Timothy Lynch, Esquire
   Swartz McKenna & Lynch LLP
   45 School Street
   Old City Hall
   Boston, MA 02108-

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 02/11/2004 |
| Response to the complaint filed (also see MRCP 12) | 04/11/2004 |
| All motions under MRCP 12, 19, and 20 filed | 04/11/2004 |
| All motions under MRCP 15 filed | 04/11/2004 |
| All discovery requests and depositions completed | 09/08/2004 |
| All motions under MRCP 56 filed and heard | 10/08/2004 |
| Final pre-trial conference held and firm trial date set | 11/07/2004 |
| Case disposed | 01/06/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session C sitting in
**CtRm 3 (Lawrence) at Essex Superior Court.**

Dated: 11/13/2003

Thomas H. Driscoll Jr.,
Clerk of Courts

BY:

Kevin Jones
Assistant Clerk

Location: CtRm 3 (Lawrence)
Telephone: (978) 687-7463

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

*Check website as to status of case:* http://ma-trialcourts.org/tcic

cvdtract_2.wpd 433964 trkset mercierm

2

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - (TORT) - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 03-2151-C

CHRISTINA R. CURCURU ........................................................................., Plaintiff(s)

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
and AMTRAK ................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant: AMTRAK

You are hereby summoned and required to serve upon John P. Matheson, Swartz McKenna & Lynch, plaintiff's attorney, whose address is 45 School Street, Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Lawrence either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 20th
day of November , in the year of our Lord two thousand 03.

*Thomas H. Driscoll Jr.*

A TRUE COPY ATTEST
*Clerk*
DEPUTY ASS'T. CLERK

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
C.A. NO.: 03-2151-C

CHRISTINA R. CURCURU,
    Plaintiff,

v.

MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY and
AMTRAK,
    Defendants.

## AFFIDAVIT OF COMPLIANCE WITH MASS.R.CIV.P. 4(f)

I, John P. Matheson, do hereby attest to and depose the following:

1. I am attorney of record representing Christina R. Curcuru, Plaintiff in the above entitled matter.

2. Pursuant to Massachusetts Rule of Civil Procedure 4(e), on November 20, 2003, my office mailed a copy of the Summons and Complaint to Defendant, Amtrak, via certified mail, return receipt requested.

3. Attached hereto is a copy of the return receipt signed by Amtrak, demonstrating personal delivery.

Signed under the pains and penalties of perjury this 5 day of December, 2003.

John P. Matheson, BBO# 651742

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _M. Sistrank_  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: NOV 2 6 2003<br><br>AMTRAK<br>60 Mass Ave, NE<br>Washington DC<br>20002-4285 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered      ☒ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7000 1670 0001 0949 9247 | |
| PS Form 3811, August 2001   Domestic Return Receipt | 102595-02-M-0835 |