COMMONWEALTH OF MASSACHUSETTS

ESSEX,SS

SUPERIOR COURT
CIVIL ACTION NO. 03-2151-C

CHRISTINA R. CURCURU,                    *
    Plaintiff                        *
                           *    JURY TRIAL DEMAND AND ANSWER
vs.                                      *    OF DEFENDANT MASSACHUSETTS
                           *    BAY TRANSPORTATION AUTHORITY
MASSACHUSETTS BAY                        *    TO PLAINTIFF'S COMPLAINT
TRANSPORTATION AUTHORITY,                *
and AMTRAK,                              *
    Defendants                       *

---

    Now comes the Defendant Massachusetts Bay Transportation Authority (hereinafter referred to as the "MBTA", and hereby answers the allegations set forth in the Plaintiff's Complaint.

1.   Defendant MBTA is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 1 of the Plaintiff's Complaint.

2.   Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3.   Defendant MBTA admits the allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4.   Defendant MBTA is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 4 of the Plaintiff's Complaint.

5.   Defendant MBTA denies the allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6.   Defendant MBTA denies the allegations set forth in Paragraph 6 of the Plaintiff's Complaint.

7.   Defendant MBTA denies the allegations set forth in Paragraph 7 of the Plaintiff's Complaint.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

8.  Defendant MBTA denies the allegations set forth in
    Paragraph 8 of the Plaintiff's Complaint.

9.  Defendant MBTA denies the allegations set forth in
    Paragraph 9 of the Plaintiff's Complaint.

10. Defendant MBTA denies the allegations set forth in
    Paragraph 10 of the Plaintiff's Complaint.

11. Defendant MBTA denies the allegations set forth in
    Paragraph 11 of the Plaintiff's Complaint.

<u>COUNT I</u>

12. Defendant MBTA restates, re-alleges and incorporates herein
    by reference its answer to the allegations set forth in
    Paragraphs 1 through 11 of the Plaintiff's Complaint.

13. Defendant MBTA denies the allegations set forth in
    Paragraph 13 of the Plaintiff's Complaint.

14. Defendant MBTA denies the allegations set forth in
    Paragraph 14 of the Plaintiff's Complaint.

15. Defendant MBTA denies the allegations set forth in
    Paragraph 15 of the Plaintiff Complaint.

<u>COUNT II</u>

16. Defendant MBTA restates, re-alleges and incorporates herein
    by reference its answer to the allegations set forth in
    Paragraphs 1 through 15 of the Plaintiff's Complaint.

17. Defendant MBTA denies the allegations set forth in
    Paragraphs 17 of the Plaintiff's Complaint.

18. Defendant MBTA denies the allegations set forth in
    Paragraph 18 of the Plaintiff's Complaint.

19. Defendant MBTA denies the allegations set forth in
    Paragraph 19 of the Plaintiff's Complaint.

20. Defendant MBTA denies the allegations set forth in
    Paragraph 20 of the Plaintiff's Complaint.

21. Defendant MBTA denies the allegations set forth in
    Paragraph 21 of the Plaintiff's Complaint.

## COUNT III

22. Defendant MBTA restates, re-alleges and incorporates herein by reference its answer to the allegations set forth in Paragraphs 1 through 21 of the Plaintiff's Complaint.

23. Defendant MBTA denies the allegations set forth in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant MBTA denies the allegations set forth in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant MBTA denies the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant MBTA denies the allegations set forth in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant MBTA denies the allegations set forth in Paragraph 27 of the Plaintiff's Complaint.

## COUNT IV

28. Defendant MBTA restates, re-alleges and incorporates herein by reference its answer to the allegations set forth in Paragraphs 1 through 27 of the Plaintiff's Complaint.

29. Defendant MBTA denies the allegations set forth in Paragraph 29 of the Plaintiff's Complaint.

30. Defendant MBTA denies the allegations set forth in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant MBTA denies the allegations set forth in paragraph 31 of the Plaintiff's Complaint.

32. Defendant MBTA denies the allegations set forth in Paragraph 32 of the Plaintiff's Complaint.

## COUNT V

33. Defendant MBTA restates, re-alleges and incorporates herein by reference its answer to the allegations set forth in Paragraphs 1 through 32 of the Plaintiff's Complaint.

34.a-e.    Defendant MBTA denies the allegations set forth in
Paragraphs 34 a.- e. of the Plaintiff's Complaint.

35.    Defendant MBTA denies the allegations set forth in
Paragraph 35 of the Plaintiff's Complaint.

WHEREFORE, the defendant MBTA denies that the plaintiff is
entitled to judgment against it as alleged in the plaintiff's
Complaint.

## ADDITIONAL DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which
relief can be granted.

2.    If defendant MBTA was guilty of any negligence proximately
causing the injuries and damages set forth in the
Complaint, all of which the MBTA expressly denies, then
plaintiff is guilty of negligence contributing to cause
said injuries and damages.

3.    Plaintiff's claims should be barred because plaintiff was
guilty of negligence which was a contributing cause of
Plaintiff's injuries and which negligence was greater than
the amount of negligence, if any, attributable to defendant
MBTA, or alternatively, the Plaintiff's claim should be
reduced by the amount of Plaintiff's negligence.

4.    The actions or inactions of defendant MBTA were not the
proximate cause of Plaintiff's alleged injuries and
damages, but said injuries and damages, if any, were the
result of other intervening and superseding causes for
which MBTA was not responsible.

5.    The acts or failures to act alleged in the Complaint were
committed or omitted, if at all, by parties for whose
conduct or inaction MBTA was not, and is not, legally
responsible.

6.    To the extent that plaintiff seeks recovery from MBTA for
pain and suffering, such claims are barred by the
provisions of G.L. c. 231, §6D.

7.    Plaintiff's claims are barred because plaintiff has failed
to mitigate the damages claimed, or alternatively, the
damages are limited to the extent that the plaintiff has
failed to mitigate them.

8.    Plaintiff's claim is barred for failure to join one or more
      indispensable parties.

     WHEREFORE, the defendant MBTA respectfully requests that
the Court:

   1.   Deny the relief sought by plaintiff in the Complaint
        and dismiss said Complaint with prejudice;

   2.   Award MBTA its reasonable costs and attorney's fees;
        and

   3.   Order such other and further relief as the Court deems
        just and proper.

            DEFENDANT MBTA DEMANDS TRIAL BY JURY.


                        MASSACHUSETTS BAY
                        TRANSPORTATION AUTHORITY
                        By its attorney,

                        Paul J. Sahovey
                        Assistant General Counsel
                        Ten Park Plaza
                        Boston, MA 02116
                        (617) 222-3189


Dated:    December 18, 2003

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT DEPT.
                                              C.A. NO. 03-2151-C

---

|                                              |     |
|----------------------------------------------|-----|
| CHRISTINA R. CURCURU,                        | )   |
|                                              | )   |
|      Plaintiff,     | )   |
|                                              | )   |
|                                              | )   |
| v.                                           | )   |
|                                              | )   |
| MASSACHUSETTS BAY                            | )   |
| TRANSPORTATION AUTHORITY                     | )   |
| and AMTRAK,                                  | )   |
|                                              | )   |
|      Defendants.    | )   |

---

### ANSWER, JURY CLAIM, AND CROSS CLAIM OF DEFENDANT
### NATIONAL RAILROAD PASSENGER CORPORATION IN RESPONSE
### TO PLAINTIFF CHRISTINA CURCURU'S COMPLAINT

Defendant, National Railroad Passenger Corporation ("Amtrak"), as and for itself alone, by and through its attorneys, hereby answers Plaintiff Christina Curcuru's ("Plaintiff") Complaint as follows:

#### FIRST DEFENSE

#### PARTIES

1. Amtrak is without knowledge or information sufficient to affirm or deny where Plaintiff resides.

2. Admitted.

3. Amtrak is without knowledge or information sufficient to affirm or deny the allegations in this Paragraph.

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

## FACTS

4.      Amtrak is without knowledge or information sufficient to affirm or deny the allegations in

this Paragraph.

5.      Denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

## COUNT I
### (Negligence)

12.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

13.     This paragraph states a legal conclusion to which no answer is required.

14.     Denied.

15.     Denied.

## COUNT II
### (Negligent Selection/Hiring)

16.     Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

17.     This paragraph states a legal conclusion to which no answer is required.

18.     This paragraph states a legal conclusion to which no answer is required.

19.    Denied.

20.    Denied.

21.    Denied.

## COUNT III
### (Negligent Retention)

22.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

23.    This paragraph states a legal conclusion to which no answer is required.

24.    This paragraph states a legal conclusion to which no answer is required.

25.    Denied.

26.    Denied.

27.    Denied.

## COUNT IV
### (Negligent Supervision)

28.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing paragraphs of its Answer as if fully set forth herein.

29.    This paragraph states a legal conclusion to which no answer is required.

30.    This paragraph states a legal conclusion to which no answer is required.

31.    Denied.

32.    Denied.

## COUNT V
### (Violation of M.G.L. c. 93A)

33.    Amtrak hereby realleges and incorporates all its answers contained in the foregoing

paragraphs of its Answer as if fully set forth herein.

34. This paragraph states a legal conclusion to which no answer is required. To the extent that this Paragraph is deemed to contain factual allegations, Amtrak denies the introductory portion and the four sub-parts of this Paragraph.

35. This paragraph states a legal conclusion to which no answer is required. To the extent that this Paragraph is deemed to contain factual allegations, Amtrak admits that it engaged in trade or commerce, but denies the remaining allegations in Paragraph 35.

36. Denied.

37. Admitted.

38. This paragraph states a legal conclusion to which no answer is required.

39. Amtrak denies the allegations in this Paragraph concerning Amtrak. Amtrak is without knowledge or information sufficient to affirm or deny the allegations against the MBTA made in this Paragraph.

40. Denied.

All allegations not previously addressed are hereby denied.

Amtrak denies that Plaintiff is entitled to any relief and asks the Court to deny any and all such requests made by, or on behalf of, Plaintiff.

### SECOND DEFENSE

The Complaint in whole or in part fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Amtrak denies it was negligent in any way.

4

## FOURTH DEFENSE

Amtrak states that Plaintiff has not been affected adversely or otherwise damaged by any conduct of Amtrak, or of any person or entity for whose conduct Amtrak is legally responsible or liable.

## FIFTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by her own actions.

## SIXTH DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Amtrak.

## SEVENTH DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Amtrak had no reason to anticipate and of which Amtrak had no knowledge, or over whom Amtrak had no control, and for whose conduct Amtrak is not responsible.

## EIGHTH DEFENSE

Any injuries or damages alleged by Plaintiff were caused by Plaintiff's negligence, which was greater than the alleged negligence of Amtrak; consequently, Plaintiff cannot recover in this action pursuant to M.G.L. c. 231, §85.

## NINTH DEFENSE

Plaintiff was guilty of contributory negligence and the damages, if any, recovered by her from Amtrak should be reduced in proportion to the Plaintiff's negligence in accordance with M.G.L. c.231, §85.

5

## TENTH DEFENSE

Amtrak states that if it was negligent, as alleged in Plaintiff's Complaint, which negligence it denies, then such negligence was not the cause of Plaintiff's alleged injuries or damages.

## ELEVENTH DEFENSE

Plaintiff cannot prevail in this action because Amtrak's alleged acts or omissions were not the proximate cause of Plaintiff's alleged injuries.

## TWELFTH DEFENSE

Plaintiff has failed to mitigate her damages, and any damages awarded against Amtrak should be reduced accordingly.

## THIRTEENTH DEFENSE

Plaintiff is barred from any recovery as against Amtrak by her failure to comply with the statutory prerequisites applicable to this action, including, but not limited to, the Statute of Limitations.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of "unclean hands."

## FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SIXTEENTH DEFENSE

At all times relevant to this matter Amtrak did not use deceptive trade practices.

## AMTRAK'S CROSS CLAIM AGAINST CO-DEFENDANT
## MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

1.      Amtrak repeats and realleges Paragraphs 1 through 40 of the Answer and all 16 of the

        Defenses as if set forth fully herein.

2.      Without admitting any allegations in Plaintiff's Complaint against any party to this

        action, and solely to preserve this Defendant's right to indemnity and/or contribution,

        Amtrak reincorporates herein by reference the allegations of Plaintiff's Complaint against

        the Massachusetts Bay Transportation Authority.

### COUNT 1
### (Express Contractual Indemnification)

3.      On or about September 1, 1995, the defendant and plaintiff in cross claim, Amtrak, and

        the Massachusetts Bay Transportation Authority (hereinafter "MBTA"), entered into an

        operating agreement ("Agreement") regarding train operating services.

4.      The Agreement was in full force and effect on or about November 27, 2001.

5.      Pursuant to the Agreement, MBTA expressly agreed to indemnify Amtrak for all damages

        and liability arising out of the Agreement Services without regard to fault or negligence

        of Amtrak.

6.      Pursuant to the Agreement, MBTA's duty to indemnify Amtrak does not include conduct

        by Amtrak which falls under the Agreement's definitions of either "malice,"

        "oppression," or "fraud" (hereinafter "excluded conduct").

7.      Pursuant to the Agreement, in order for MBTA's duty to indemnify Amtrak to cease,

        MBTA must prove Amtrak's conduct is excluded conduct by clear and convincing

evidence.

8.   MBTA cannot prove by clear and convincing evidence that Mr. Hardy's conduct alleged by Plaintiff's Complaint is excluded conduct within the meaning of the Agreement.

9.   If notwithstanding Amtrak's denial of all liability, it is found liable to Plaintiff, then MBTA must indemnify Amtrak.

10.  In the event Plaintiff prevails in her claims against Amtrak, Amtrak will sustain damages for which MBTA is liable.

**WHEREFORE**, the defendant requests the Court enter judgment in its favor on cross claim Count One and order that MBTA indemnify Amtrak for any liability which it may incur as a result of the claims set forth in the Complaint filed herein by the plaintiff.  Amtrak further demands interest and costs and reasonable attorneys' fees.

## COUNT II
### (Tort-Based Indemnification)

11.  On or about November 27, 2001, Amtrak employed Mr. Hardy whom Plaintiff alleges engaged in conduct causing her physical, emotional, mental and economic damages.

12.  On or about November 27, 2001, Amtrak conducted its operations in accordance with its obligations under its contract with MBTA.

13.  Amtrak denies participating in the negligent act causing Plaintiff's alleged harm.

14.  If Amtrak is found liable to the Plaintiff, which liability it denies, such liability will have been assessed under principals of vicarious liability in spite of a finding that Amtrak was not at fault.

15.  Amtrak is therefore entitled to tort-based indemnification from MBTA for any judgment

a.     Plaintiff take nothing by this action;

b.     The Complaint be dismissed with prejudice in its entirety;

c.     Amtrak be awarded its costs of suit and attorney's fees incurred herein; and

d.     Amtrak be awarded such other and further relief as this Court deems just and proper.

**Respectfully submitted,**
**DEFENDANT,**
**NATIONAL RAILROAD PASSENGER**
**CORPORATION,**
By Its Attorneys,

DATED:     December 30, 2003

John A. Kiernan (BBO No. 271020)
Stephen E. Hughes (BBO No. 629644)
BONNER KIERNAN TREBACH & CROCIATA
One Liberty Square - 6th Floor
Boston, MA 02109
(617) 426-3900

<u>Certificate of Service</u>

I, Stephen E. Hughes, hereby certify that I have, on December 30, 2003, served a true copy of the foregoing document by first class mail, postage prepaid, to counsel for each other party as follows:

<u>Plaintiff:</u>
John B. Matheson, Esq.
Swartz McKenna & Lynch, LLP
Old City Hall
45 School Street
Boston, MA 02108

<u>MBTA:</u>
Paul J. Sahovey, Esq.
Legal Department
Massachusetts Bay Transportation Authority
10 Park Plaza
Boston, MA 02116

Stephen E. Hughes

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

SUPERIOR COURT
CIVIL ACTION NO. 03-2151-C

| | | |
|---|---|---|
| CHRISTINA R. CURCURU, | * | |
| Plaintiff | * | ANSWER OF DEFENDANT |
| | * | MASSACHUSETTS BAY |
| vs. | * | TRANSPORTATION AUTHORITY |
| | * | TO CROSS CLAIM OF CO- |
| MASSACHUSETTS BAY | * | DEFENDANT AMTRAK |
| TRANSPORTATION AUTHORITY | * | |
| and Amtrak, | * | |
| Defendants | * | |

Now comes Defendant, Massachusetts Bay Transportation Authority (hereinafter referred to as the "MBTA"), and hereby answers the Cross Claim of Co-Defendant Amtrak as follows:

1.    Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 1 of the Cross Claim of Co-Defendant Amtrak.

2.    Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 2 of the Cross Claim of Co-Defendant Amtrak.

### COUNT I

3.    Defendant MBTA admits the allegations set forth in Paragraph 1, Count I of the Cross Claim of Co-Defendant Amtrak.

4.    Defendant MBTA admits the allegations set forth in Paragraph 2, Count I of the Cross Claim of Co- Defendant Amtrak.

5.    Defendant MBTA admits the allegations set forth in Paragraph 3, Count I of the Cross Claim of Co- Defendant Amtrak, to the extent that the terms of the Operating Agreement do not state otherwise.

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

6.   Defendant MBTA admits the allegations set forth in Paragraph 6, Count I of the Cross Claim of Co- Defendant Amtrak.

7.   Defendant MBTA admits the allegations set forth in Paragraph 7, Count I of the Cross Claim of Co- Defendant Amtrak.

8.   Defendant MBTA denies the allegations set forth in Paragraph 8, Count I of the Cross Claim of Co-Defendant Amtrak.

9.   Defendant MBTA denies the allegations set forth in Paragraph 9, Count I of the Cross Claim of Co-Defendant Amtrak.

10.  Defendant MBTA denies the allegations set forth in Paragraph 10, Count I of the Cross Claim of Co-Defendant Amtrak.

## COUNT II

11   Defendant MBTA admits the allegations set forth in Paragraph 11, Count II of the Cross Claim of Co-Defendant Amtrak.

12.  Defendant MBTA is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 12, Count II of the Cross Claim of Co-Defendant Amtrak.

13.  Defendant MBTA is not called upon to either admit or deny the allegations set forth in Paragraph 13, Count II of the Cross Claim of Co-Defendant Amtrak.

14.  Defendant MBTA denies the allegations set forth in Paragraph 14, Count II of the Cross Claim of Co-Defendant Amtrak.

15.  Defendant MBTA denies the allegations set forth in Paragraph 15, Count II of the Cross Claim of Co-Defendant Amtrak.

## COUNT III

16. Defendant MBTA is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 16, Count III of the Cross Claim of Co-Defendant Amtrak.

17. Defendant MBTA denies that Plaintiff's alleged injuries were caused by the negligence or other fault of the MBTA, or its employees as set forth in Paragraph 17 of the Cross Claim of Co-Defendant Amtrak.

18. Defendant MBTA denies the allegations set forth in Paragraph 18 of the Cross Claim of Co-Defendant Amtrak.

Wherefore, the Defendant, Massachusetts Bay Transportation Authority, respectfully prays that this Honorable Court:

1. Dismiss the Co-Defendant's Cross Claim Against Defendant MBTA with prejudice;

2. Award Defendant MBTA any and all costs and attorney's fees associated with the litigation of this Cross-Claim;

3. Order such other and further relief that this Honorable Court should deem just and proper.

DEFENDANT MBTA DEMANDS TRIAL BY JURY.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY
By its attorney

Paul J. Salvovey
Assistant General Counsel
Ten Park Plaza
Boston, MA 02116
(617) 222-3189
BBO # 437900

Dated:    January 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on the above date, I served a copy of the foregoing, postage pre-paid to:

Defendant, National Railroad Passenger Corporation
John B. Kiernan, Esq.
Bonner, Kiernan, Trebach & Crociata
One Liberty Square, 6th Floor
Boston, MA   02109

Plaintiff
John B. Matheson, Esq.
Swartz, McKenna & Lynch, LLP
Old City Hall
45 School Street
Boston, MA   02108

Paul J. Sahovey
Assistant General Counsel

Dated:      January 16, 2004

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
NO. ESCV2002-02389C

RICHARD APOSTOLOFF,
        Plaintiff,

    V.

CHRIS M. RE
  and CONSTANCE RE,
        Defendants.

## CERTIFICATE OF SERVICE

I, William M. White, Jr., attorney of record for the Defendants, Chris M. Re and Constance Re in the above-entitled matter, hereby certify that I have, this 16th day of January, 2004 served the following upon the parties, pursuant to Superior Court Administrative Directive No. 90-2, by mailing true copies of the same, postage prepaid, to: Thomas K. Egan, Esquire; Rockett & Rockett; 190 Pleasant Street; Marblehead, MA 01945:

        Defendants' Request for Production of
        Documents To Plaintiff.

WILLIAM M. WHITE, JR.

# Commonwealth of Massachusetts
## County of Essex
### The Superior Court

CIVIL DOCKET# **ESCV2003-02151**



Curcuru

vs.

Massachusetts Bay Transportation Authority et al

---

## <u>ORDER OF TRANSFER (remand)</u>

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is
Case REMOVED this date to US District Court of Massachusetts

Dated at Lawrence, Massachusetts this 19th day of March, 2004.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: _Kelley P. Sullivan_
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

cvdremandc_1.wpd 460545 removus sullkell

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 03-2151-C

CHRISTINA R. CURCURU ............................................................................................. , Plaintiff(s)

v.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
and AMTRAK ...................................................................................................... , Defendant(s)

## SUMMONS

To the above named Defendant: MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

You are hereby summoned and required to serve upon John P. Matheson, Swartz McKenna & Lynch,

plaintiff's attorney, whose address is 45 School Street, Boston, MA 02108          , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Lawrence          either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V DelVECCHIO, Esquire, at Salem, the 20th
day of November          , in the year of our Lord two thousand 03.

*Clerk*

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.