UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINA R. CURCURU,<br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION<br>AUTHORITY and<br>AMTRAK,<br>    Defendants. | **DOCKET NO. 03-12599JLT** |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AUTHORITY TO CONDUCT ADDITIONAL DISCOVERY

Plaintiff, Ms. Curcuru, hereby opposes Defendants' motion for additional discovery, namely a second deposition of the plaintiff, and deposition of her gynecologist whom she visited as a teenager prior to the incident at issue. Defendants also seek to depose the Plaintiff's mother in the event her gynecologist is unable to recall the details of Ms. Curcuru's sexual past. These depositions are surplusage, serve only to embarrass, harass and humiliate the Plaintiff, and should not be allowed to further delay this matter. Not only has Ms. Curcuru testified at deposition, but she also testified and was extensively cross examined at the criminal trial of the Defendants' employee who sexually assaulted her.

Additionally, Defendants' motion should be denied because in rape cases, Massachusetts General Laws c.233, §21B prohibits unscrupulous tactics to "prevent defense counsel from eliciting evidence of the victim's promiscuity as part of a general credibility attack," and only allows it "if he shows "that the theory under which he proceeds is based on more than vague hope or mere speculation," and he may not "engage in an unbounded and

freewheeling cross-examination in which the jury are invited to indulge in conjecture and supposition." *Commonwealth v. Thevenin*, 33 Mass. App. Ct. 588, 592 (1992).

## I.     MS. CURCURU SHOULD NOT BE DEPOSED A SECOND TIME

Ms. Curcuru has submitted to adequate pretrial examination, and should not be compelled to appear a second time. Ms. Curcuru was thoroughly deposed by both defendants on December 7, 2005. Moreover, Ms. Curcuru provided comprehensive, in-court, live testimony at the criminal trial of the defendant's employee, which both defendants possessed prior to taking her civil deposition in the instant matter. In addition, Ms. Curcuru gave statements to the police and investigators, contemporaneous with the incident, all of which was in both defendants possession prior to taking her deposition.

Counsel for Amtrak suspended Ms. Curcuru's deposition on December 7, 2005, however, he did so specifically with respect to her refusal to give personal details regarding the reasons for an abortion. Ms. Curcuru more than adequately cooperated by disclosing that she was pregnant, that she ended the pregnancy, and the identity of the person she was intimate with. This is more than the defendants need to know regarding Ms. Curcuru's private intimate life. Ms. Curcuru only became apprehensive when Attorney Stephen Hughes demanded to know why she had the abortion, and whether it was for health reasons. After she politely declined to discuss the abortion details further, defendant suspended her deposition. Specifically, the defendants' interrogation ended this way:

**Mr. Hughes: To do this formally, I'm reserving my right to obtain that information, and I'm suspending this deposition rather than concluding it.**

**Mr. Matheson: On the basis of that question?**

2

**Mr. Hughes: That's correct, not being answered. I have nothing else.**

**Mr. Sahovey: I don't have anything else either.**

Ms. Curcuru did not put abortion at issue in this litigation, and therefore should not be re-deposed on this basis. The question is irrelevant and only serves to demean and harass Ms. Curcuru, a victim of sexual assault. Furthermore, the Defendants should not be permitted to re-examine her on issues that he may have neglected to cover at the time of her deposition. As explained, her statements, and testimony to this point has been comprehensive.

Defendants also argue that they should be allowed to "cross examine" Ms. Curcuru. The purpose of a deposition is to discover information and not to cross examine. Defendants seek a license to again intimidate and embarrass Ms. Curcuru by repeatedly rummaging through her sexual and reproductive life history and habits. Defendants are seeking another bite from the apple of a person who has been fully deposed and has provided sworn courtroom testimony, as well as contemporaneous statements to investigators.

Ms. Curucuru has already answered questions relating to sexual behavior, rape, and abortion. Defendants do not raise a new topic which has not previously been covered, merely an opportunity to re-explore the same issues once again. If the defendants believe that Ms. Curucuru has been inconsistent, then trial, as opposed to another deposition, is the appropriate time to impeach her credibility. The defendants have already inquired into whether or not Ms. Curcuru has *"ever been physically assaulted by anyone with a knife,"* or ever *"been attacked by anybody [other than being sexually assaulted on the train]."* P. 77.

The defendants have more than adequately inquired into Ms. Curcuru's sexual life and abortion: *Before this incident, you had had sexual intercourse before? P. 78. Prior to the*

3

*incident, were you having difficulties having romantic relationships? P. 94 Was that discussed with Ms. Jampel? P. 94 Do you drink alcohol? P. 100 Do you go out to clubs with your boyfriend? P. 100 Have you had sexual relations with your boyfriend? P. 117 And do you feel in any way that this incident has in any way inhibited your ability to respond sexually to your boyfriend? P. 117 Is that because you feel in some way that you've been violated as a result of this incident? P. 118 Do you feel dirty or less than worthy in engaging in relations with him? P. 118 Have you ever been pregnant? P. 110 How many times? P. 110 Was that before the incident? And how recent was that? P. 111 Was it this year? P. 111 Are you still pregnant? P. 111 In terms of pregnancy, did you have an abortion? P. 120 And was this pregnancy the result of your relationship with your current boyfriend? P. 120 And was it decided to be done for medical reasons or for other reasons? P. 120*

With respect to being adopted, defendants inquired plenty into who her natural and adoptive parents are, how often she sees them, the quality of their relationships with her, and whether she, or her therapist attribute any emotional disturbances to her adoption.

## II. PLAINTIFF'S GYNECOLOGIST SHOULD NOT BE DEPOSED SINCE IT IS NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE.

Defendants should not be permitted to depose Ms. Curcuru's gynecologist. <u>Ms. Curcuru's sexual and gynecological history during her teenage years, prior to being sexually assaulted on the commuter train by defendants' employee, is not fair ground for the defendants to build their defense.</u> Likewise, receiving screening for STD's is responsible behavior, and should not provide any basis for re-examining Ms. Curcuru, or impeaching her character.

4

This information is irrelevant to being sexually assaulted aboard the train on November 27, 2001.

Ms. Curucuru has assented to the depositions of her treating therapists, as well as the release of all of her medical records, however plaintiff must respectfully decline where routine but intimate details of her sexual history as a teenager is the subject of further depositions. For example, Counsel for Amtrak, Stephen Hughes explains that he should be entitled to interrogate Ms. Curcuru's gynecologist because there are notes that Ms. Curcuru was tested for STD's before the incident, had sexual intercourse as a teenager before the incident, and drank alcohol before the incident. <u>Notably, Ms. Curcuru's gynecologist did **not** treat her for the assault on the train, and her records contain no notes regarding the incident.</u>

Defendant Amtrak has taken initial discovery and depositions, as well as additional depositions and discovery with plaintiff's assent. Defendant's newest request for further discovery is a desperate attempt to garner more information to further harass and embarrass Ms. Curcuru. It is expected that if Amtrak's counsel is granted this discovery, he will unabashedly delve further into the irrelevant and personal details of Ms. Curcuru's sexual history prior to the incident at issue. He is also likely to alienate her from the doctors who have attempted to care for her, by continuing to divulge private details of her intimate life at deposition rather than allowing them to come out through the normal course of treatment.

With her current therapist Alan Gold, counsel for Amtrak divulged her rape, abortion, STD tests, and her number of sexual partners as a teenager, without regard for the truthfulness of that information, and without regard that Mr. Gold is a new therapist and testified that he was allowing information to come to him as the patient is ready and prepared to provide it.

Counsel's questions included: *"are you aware that as of October of 2001 she reported to her primary care physician that she had eight sexual partners to that point in her life?...that she sought a sexually transmitted disease test in October 2001?...requested an HIV test in April of 2001?...she has complained about pain from intercourse both before and after the incident on the train?...reported to her doctor that she has a history of drinking while undergoing sexual intercourse?...sought a pregnancy test on November 19, 2001...did Ms. Curcuru ever tell you that she was raped when she was 16?...that would be memorable wouldn't you say?"* Gold p. 124-5.

Amtrak counsel also showed Ms. Curcuru's treating therapist pages from her deposition in which she questioned the value of the treatment in response to questions from the opposing attorneys. The sole purpose of this is to estrange the Plaintiff from her treating therapist. Specifically, Attorney Hughes read to Therapist Susan Jampel a quote from Ms. Curcuru's transcript which said "No, I wasn't – she wasn't somebody I was extremely happy going to, but I felt like it was a start...." Jampel p. 49. Ms. Jampel responded in part: "I guess I'm more surprised that she was not happy with the treatment, because I remember it very differently." Jampel p. 51.

A deposition of Ms. Curcuru's gynecologist, aside from being irrelevant, will also be used to disrupt yet another of Plaintiff's professional relationships.

### III.   *PLAINTIFF'S MOTHER SHOULD NOT BE DEPOSED*

Ms. Curcuru's mother should not be deposed as counsel is likely to divulge intimate and private details of Ms. Curcuru's life with her in an attempt to gain favorable testimony. Ms. Curcuru was a victim in this case, and her family relationships should not be disrupted

unless absolutely necessary. At the commencement of discovery, Plaintiff sought the deposition of Amtrak Conductor Eric Hardy's ex-wife, which was denied. Clearly, Defendants' sole objective is to simply harass and humiliate the Plaintiff.

## IV.  *DEFENDANTS' MOTION SHOULD BE DENIED*

Defendants have clearly shown a callous disregard for Plaintiff's emotional state. Defendants now seek to humiliate the Plaintiff a third time after she offered extensive testimony at Defendants' employee's criminal trial, and in this civil case. This Court should not allow Defendants to proceed unabated inquiring into irrelevant material that serves only to smear the Plaintiff.

Wherefore, for all the above reasons, Plaintiff opposes Defendants' Motion for Additional Discovery, and asks this Court to deny their motion.

Respectfully submitted,
Christina Curcuru,
By her attorneys,

/s/
Fredric Swartz, BBO# 489560
Timothy G. Lynch, BBO# 546442
John P. Matheson, BBO# 651742
SWARTZ MCKENNA & LYNCH, LLP
Old City Hall, 45 School Street
Boston, MA 02108
Tel: 617-367-2882
Fax: 617-367-2289

## CERTIFICATE OF SERVICE

I, Timothy G. Lynch, counsel for Plaintiff, do hereby certify that on this 10th day of March, 2006, I caused to be served a true copy of the foregoing document upon Defendants, by mailing same, first class mail, postage pre-paid to their counsel of record:

ATTORNEYS FOR MBTA
Paul J. Sahovey, BBO #437900
Assistant General Counsel
Ten Park Plaza
Boston, MA 02116
(617) 222-3189

ATTORNEYS FOR AMTRAK
John A. Kiernan, BBO #271020
Stephen E. Hughes, BBO #629644
Bonner Kiernan Trebach & Crociata
One Liberty Square, 6th Floor
Boston, MA 02109
(617) 426-3900

/s/
Timothy G. Lynch, BBO# 546442